U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 2 0 2016

TONY R. MOORE  CLERK
BY _____ DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL TEMPLE, Plaintiff | CIVIL ACTION NO. 1:16-CV-227; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| DANIEL MARR, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Michael Temple (#350205), filed on February 17, 2016. (Doc. 1). Plaintiff was granted leave to proceed *in forma papueris* on February 24, 2016. (Doc. 4). Plaintiff was ordered to amend his complaint on March 15, 2016 (Doc. 6), and an amended complaint was received by the Court on April 13, 2016 (Doc. 10).

At the time of filing, Plaintiff was an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana.[1] Plaintiff complains that he was denied adequate medical care in violation of the United States Constitution. He names as defendants Daniel Marr, Nurse Brunson, Dr. Singleton, Keith Deville, Kathy Richardson, and the Winnfield Medical Staff.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] Plaintiff is no longer in custody. (Doc. 11).

## Factual Allegations

Plaintiff alleges that, on August 9, 2014, he fell from the top bunk while sleeping. (Doc. 1). As a result of the fall, Plaintiff injured his left shoulder and hip. Plaintiff was provided Motrin and analgesic balm for pain. (Doc. 1, p. 3-4). Either two hours later (Doc. 1, p. 4), or the following day (Doc. 10, p. 5), Plaintiff returned to the infirmary. Plaintiff was issued crutches and advised to report back to the infirmary if the pain and swelling continued.

Plaintiff made another sick call on August 14, 2014. He saw Nurse Brunson and requested x-rays. (Doc. 1, p. 4; Doc. 10, p. 5). The doctor was notified, and he ordered Plaintiff to continue taking Motrin and follow-up if he experienced more pain. (Doc. 1, p. 4).

Plaintiff alleges that he complained to Medical Director Marr that something was broken and asked that x-rays be performed. (Doc. 10, p. 2). Medical Director Marr informed Plaintiff to return to the infirmary if he continued to experience pain. (Doc. 10, p. 2).

The next morning, Plaintiff saw Dr. Singleton, but was only provided Motrin. Ultimately, on an unspecified date, x-rays were performed. The x-rays revealed no fractures. (Doc. 1, p. 4; Doc. 10, p. 3).

On September 17, 2014, Plaintiff made another sick call due to pain. He was advised to perform light exercise. Plaintiff sought no additional medical treatment.

2

## Law and Analysis

Medical care claims of convicted prisoners are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, a plaintiff must establish that the defendant prison officials knew of, and then disregarded, an excessive risk to the plaintiff's health and safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. Wilson v. Seiter, 501 U.S. 294 (1991).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)). Disagreement with diagnosis or treatment cannot support a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff was ordered to amend his complaint to state each date after September 17, 2014, on which he requested medical treatment for the injuries that resulted from his fall. (Doc. 6). He was instructed to state what complaints or symptoms he was experiencing on each of those occasions, whether his request was made verbally or in writing, to whom the request was made, and what response he received to each request. He was also ordered to state what treatment, if any, he

3

received each time he sought medical care related to his accident after September 17, 2014.

Plaintiff received treatment at the jail the day of his injury. Within one month of the incident, Plaintiff received the x-rays he requested, which were negative for fractures. According to his amended complaint, Plaintiff did not seek further treatment related to his injuries after September 17, 2014. Plaintiff has not alleged facts indicating that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.

Plaintiff argues that the x-rays should have been performed soon after the injury. Nonetheless, the x-rays were performed within the month, and were negative for fractures. Plaintiff's disagreement with the timing of the x-rays describes a disagreement with diagnosis and treatment, which does not state a viable constitutional claim. See Banuelos, 41 F.3d at 235; Varnado, 920 F.2d at 321. Plaintiff received medical care when requested, including crutches and x-rays. Even if the care received was not "the best money could buy," Plaintiff cannot establish a constitutional violation. See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); see also Gobert v. Caldwell, 463 F.3d 339, 349 (5th Cir. 2006) ("deliberate indifference exists wholly independent of an optimal standard of care"); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978) (the applicable legal standard is not whether an inmate was provided the "optimum" or "best" medical care available). Plaintiff has not alleged deliberate indifference to a serious medical need.

For the foregoing reasons, **IT IS RECOMMENDED** that the § 1983 complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 20 day of April, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge